IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony J. Hoellrich, et al.,　　　　　　　　　　　Case No. 3:08CV01537

　　　　　Plaintiffs,

　　v.
　　　　　　　　　　　　　　　　　　　　　　　　ORDER
Gurjinder Singh Padda, et al.,

　　　　　Defendants.

This is a personal injury case arising from a head-on collision between the defendants' tractor-trailer and plaintiff's truck. Plaintiff Anthony J. Hoellrich alleges that defendant Gurjinder Singh Padda negligently crossed the center line causing the collision that resulted in considerable bodily injury and property damage. Defendants argue that the sudden emergency defense applies. The Toledo Edison Company [Toledo Edison] intervened in the suit.

Jurisdiction exists under 28 U.S.C. § 1332. Pending are defendants' motion for summary judgment [Doc. 47] and Toledo Edison's motion for partial summary judgment [Doc. 49]. For the reasons that follow, defendants' motion will be denied and Toledo Edison's motion will be granted.

**Background**

On March 13, 2007, Padda was operating a tractor-trailer in the westbound lane of United States Route 24 on behalf of defendant Carrier One Express ["Carrier One"]. In the area of the

1

accident, Route 24 is a flat two-lane roadway. The weather conditions were dark and dry and the posted speed limit was 55 miles per hour.

Padda contends that immediately preceding the accident he was operating his truck at least one truck length behind another commercial tractor-trailer and was traveling approximately 55 miles per hour. He alleges that as the two trucks continued driving westbound, "an unidentified car in the westbound lane began to try to pass Mr. Padda's truck" and that it "pulled into the left lane at least two times in an attempt to make a pass, but instead returned back to the right-hand, westbound lane."[1] [Doc. 47].

Padda asserts that as the two trucks began to slow for an upcoming traffic signal and flashing yellow light, the unidentified car passed him and cut back into the westbound lane directly in front of Padda's truck. He alleges that this unidentified car then abruptly braked, requiring Padda to sharply brake as well. Padda states that when he braked, his truck veered left of the center line. When Padda crossed the center line, he crashed into the front driver's side of the Toledo Edison truck driven by Hoellrich in the eastbound lane.

Hoellrich alleges severe injuries as a result of the accident, including fractures to his face, left leg, hip and ankle. Toledo Edison, as intervenor and a statutory subrogee under the Ohio Worker's Compensation Act, seeks reimbursement for past and future medical payments to Hoellrich resulting from the accident. Toledo Edison also seeks damages for the truck driven by Hoellrich.

**Standard of Review**

---

[1] Plaintiff disputes the existence of this car.

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, a court accepts the opponent's evidence as true and construes all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex*, *supra*, 477 U.S. at 323.

### Discussion

### 1. Negligence *Per Se*

Hoellrich alleges that Padda was negligent *per se* when he crossed the center line and that this negligence, in turn, was the proximate cause of Hoellrich's injuries. Padda admits that he crossed the center line and struck Hoellrich, but asserts the sudden emergency defense.

In Ohio, to prevail on a negligence claim, a plaintiff must prove: 1) the "existence of a duty on the part of the one sued not to subject the former to the injury complained of"; 2) a failure to observe such a duty; and 3) an injury proximately caused by that failure. *Thrash v. U-Drive-It Co.*, 158 Ohio St. 465, 471 (1953).

Where a legislative enactment imposes a specific duty for the safety of others, failure to perform that duty is negligence *per se*." *Chambers v. St. Mary's Sch.*, 82 Ohio St. 3d 563, 565 (1998). Ohio Revised Code § 4511.25 requires drivers to operate their vehicles on the right half of the roadway except in specific situations. "The negligence-per-se rule is regularly applied to cases in which a vehicle crosses the center line of a highway and causes an accident." *Hatala v. Craft*, 165 Ohio App. 3d 602, 606-07 (2006) (citing *Zehe v. Falkner,* 26 Ohio St.2d 258 (1971)).

In negligence *per se* cases such as this case, a party that fails to comply with the provisions of a safety statute cannot simply assert "he did or attempted to do what any reasonably prudent person would have done under the same or similar circumstances." *Bush v. Harvey Transfer Co.*, 146 Ohio St. 657, 664-65 (1946).

A party violating a safety statute may, however, assert a sudden emergency defense "by establishing that, without his fault and *because of circumstances over which he had no control, compliance with the statute was rendered impossible*." *Timberlake v. Jennings*, 2005 WL 1252400, *5 (Ohio App. 2005) (emphasis supplied) (citing *Bush*, *supra*, 146 Ohio St. at 665); *Geis v. Sutton*, 2001 WL 1590176, *2 (Ohio App. 2001); *Cole v. Beallor*, 2000 WL 1687, *2-3 (Ohio App. 1999). A "sudden emergency" arises when a driver is confronted with "an unexpected occurrence of a transitory nature" that demands immediate reaction "without time for reflection or deliberation[.]" *Mapes v. Opper,* 9 Ohio App. 3d 140, 141 (1983).[2]

---

[2] Defendants are correct that a tortfeasor charged with simple negligence is not barred from asserting the sudden emergency defense because "he faile[ed] to make the most judicious choice between hazards presented[.]" *Bennett v. Head*, 1991 WL 77286, *3 (Ohio App. 1991) (quoting *Pennsylvania Railroad Co. v. Snyder*, 55 Ohio St. 342, Syllabus 3 (1896)). In a simple negligence action, the sudden emergency doctrine applies where "there was a sudden and unexpected occurrence of a transitory nature which demanded immediate action without time for reflection or deliberation[.]"*Geis v. Sutton*, 2001 WL 1590176, *2 (Ohio App. 2001) (quoting *Miller v.*

To invoke the sudden emergency defense in negligence *per se* actions, a party must prove by a preponderance of the evidence that: 1) "compliance with a specific safety statute was rendered **impossible**"; 2) "by a sudden emergency"; 3) "that arose without the fault of the party asserting the excuse"; 4) "because of circumstances over which the party asserting the excuse had no control"; and 5) "the party asserting the excuse exercised such care as a reasonably prudent person would have under the circumstances." *Vanalkemade v. Hitsman*, 2009 WL 1864055, *4 (Ohio App. 2009) (emphasis added) (quoting *Steffy v. Blevins*, 2003 WL 22846095 *6 (Ohio App. 2003) (citing *Bush, supra*, 146 Ohio St. at 664-65)); *Timberlake, supra,* 2005 WL 1252400 at *5; *Guthrie v. Wheeler*, 2004 WL 2757846, *2 (Ohio App. 2004); *Millard v. CSX Transp., Inc.*, 1998 WL 63546, FN1 (Ohio App. 1998) (citing Ohio Jury Instructions, Section 7.18(2) (1996)); *Wilcox v. McGrew*, 1996 WL 38831, *3 (1996).

Padda does not contest the fact that he violated O.R.C. § 4511.25 when he crossed the center line. He contends, rather, that his actions were proper and justifiable under the sudden emergency defense.

I cannot agree. At Padda's deposition, he admitted that it "was possible for [him] to have gone to the right instead of hitting [his brakes]." Therefore, the first prong has not been met and the sudden emergency defense is inapplicable.

---

*McAllister*, 169 Ohio St. 487, 497-98 (1959)).
    Unlike the Restatement and the courts of other states, Ohio courts require the additional element of impossibility in a case involving negligence *per se*, rather than simple negligence. *See e.g. Bush*, *supra*, 146 Ohio St. at 664-65; *Steffy v. Blevins*, 2003 WL 22846095, *7 ("the first element of sudden emergency is impossibility; it must have been impossible for the party asserting the excuse to comply with the specific safety statute at issue.").

I, therefore, grant Toledo Edison's motion for partial summary judgment on its negligence *per se* claim against Padda.

## 2. Vicarious Liability

Defendants do not deny that Padda was acting on behalf of Carrier One during the events surrounding the accident and concede that if Padda were found to be negligent, Carrier One could be held vicariously liable. [Doc. 47]. Because Padda was negligent, Carrier One is vicariously liable for his acts. I therefore, grant, Toledo Edison's motion for partial summary judgment on its vicarious liability claim against Carrier One.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Defendants' motion for summary judgment [Doc. 47] be, and the same hereby is denied, and

2. Intervenor's motion for partial summary judgment [Doc. 49] be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge